## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Alleta Heary,<br><br>                      Plaintiff,<br><br>      v.<br><br>Chime Financial, Inc.,<br><br>                      Defendant. | Civil Action No: _____<br><br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Alleta Heary ("Plaintiff") brings this Complaint by and through her attorneys and alleges violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq. against Defendant Chime Financial, Inc. ("Chime").

## <u>INTRODUCTION/PRELIMINARY STATEMENT</u>

1.      The rapid computerization of modern society has produced an unprecedented expansion in the volume, speed, and complexity of data collected and processed about individual American consumers. Today's digital systems—employed by financial institutions, businesses, governmental agencies, and countless other entities—allow consumer-specific information to be transmitted instantaneously at the request of third parties. In principle, this rapid exchange of data is meant to facilitate more efficient decision-making, reduce delays, and promote societal benefits through increased convenience, accuracy, and administrative efficiency

2.      Electronic funds transfers permit the movement of money through a variety of automated means, including electronic terminals, telephonic instructions, and computer- or magnetic-tape–based transmissions. While these systems have become essential to modern consumer banking, their computerization and the speed with which transactions occur also expose consumers to heightened risks. Unauthorized actors can exploit these systems to initiate rapid and

often irreversible withdrawals, frequently before a consumer becomes aware of the misuse. When such fraud is not promptly and adequately redressed by the financial institution, the consumer bears the full brunt of the loss—suffering immediate economic deprivation, cascading financial harm, and significant emotional distress. Recognizing these dangers, Congress enacted the EFTA to ensure that banks, not consumers, bear the responsibility for investigating unauthorized electronic transfers and providing timely remediation when fraud occurs.

3.      At all relevant times, an unknown third party executed a series of unauthorized electronic fund transfers that systematically withdrew and diverted money from Plaintiff's deposit account maintained with Defendant. These transactions were initiated and completed without Plaintiff's knowledge, authorization, or consent, and the perpetrating third party - not Plaintiff - obtained the full benefit of the misappropriated funds. Plaintiff neither participated in nor otherwise contributed to the fraudulent activity, and the withdrawals constitute quintessential unauthorized electronic fund transfers under the EFTA.

4.      Accordingly, Plaintiff asserts a claim against Defendant for its failure to conduct a full, fair, and timely investigation of his dispute, and for failing to review and consider all relevant information that Plaintiff provided, as required by the Electronic Fund Transfer Act. Defendant's inadequate and incomplete handling of Plaintiff's fraud report constitutes a violation of its statutory duties under 15 U.S.C. § 1693f, which mandates prompt investigation, provisional recrediting when necessary, and corrective action upon confirmation of unauthorized transfers.

5.      As a result of Defendant's conduct, Plaintiff seeks all remedies available under the Electronic Fund Transfer Act, including actual damages, statutory damages, and an award of costs and reasonable attorneys' fees. Plaintiff further seeks any enhanced damages permitted under the Act for Defendant's willful or negligent violations of 15 U.S.C. § 1693 et seq., as set forth herein.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the EFTA, a federal law. *See* 15 U.S.C. § 1693m(g) (EFTA) (permitting actions to enforce liability in an appropriate United States District Court).

7.      Venue in the Eastern District of Pennsylvania is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides here, Defendant regularly transacts business within this District, is otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

8.      Plaintiff incorporates herein by reference paragraphs numbered 1 through 7 of this Complaint as though fully set forth at length herein.

9.      Plaintiff is a natural person who resides in the Commonwealth of Pennsylvania in the County of Philadelphia.

10.     Plaintiff is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6).

11.     At all times relevant, Plaintiff's checking and savings accounts with Defendant Chime were used for personal, family, or household purposes.

12.     At all relevant times, Plaintiff's Account was an "account" and constituted an "account" as defined by 15 U.S.C. § 1693a(2).

13.     Defendant Chime is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by 15 U.S.C. § 1693a(9), and can be served in Pennsylvania c/o Vcorp Services, LLC, located at 600 North 2nd Street, Suite 400, Harrisburg, PA 17101.

14.     At all relevant times, Defendant was a bank that held Plaintiff's Account.

15.    At all relevant times, Defendant is a "financial institution" as that term is defined by 15 U.S.C. § 1693a(9).

## FACTUAL ALLEGATIONS

16.    Plaintiff incorporates herein by reference paragraphs numbered 1 through 15 of this Complaint as though fully set forth at length herein.

17.    Plaintiff Alleta Heary is an individual who has an account with Chime. A total of $1,300.00 was taken from Plaintiff's Chime account without her authorization. Plaintiff informed Chime but Chime refused to help, in violation of the EFTA.

18.    Plaintiff is a victim of Fraud.

19.    The perpetrator, who is unknown to Plaintiff, unlawfully made charges through Chime via Plaintiff's Chime account.

20.    Plaintiff promptly and repeatedly disputed the charges with Defendant Chime.

21.    Plaintiff also promptly reported the unauthorized transactions to the Philadelphia Police Department.

22.    Defendant Chime is required by federal law to return funds taken from a consumer in unauthorized transactions.

23.    When Plaintiff reported the unauthorized transactions to Defendant, Defendant denied her claims and has not credited the amount Plaintiff is owed from these unauthorized transactions.

24.    On or around October 4, 2025, between 4:00 am and 5:37 am, not less than 18 unauthorized transactions were made, amounting to $1,300 extracted from Plaintiff's Chime account.

25.    The recipients for those transactions were: Brandon Pedric and Lillian Richard.

4

26.     Plaintiff does not know anyone with those names and in no way authorized those transactions.

27.     Plaintiff never provided Defendant with authorization or consent—whether oral, written, electronic, or otherwise—to execute any of the unauthorized transactions or to transfer funds from Plaintiff's account for any of the disputed withdrawals or purchases.

28.     Plaintiff likewise did not authorize, permit, or otherwise grant any unknown third party the ability to initiate electronic fund transfers from his account, and she provided no consent express or implied—for any third party to conduct any of the Unauthorized Transactions.

29.     Promptly upon these charges being deducted from Plaintiff's Chime account, Plaintiff immediately contacted Chime to advise them that these charges were fraudulent.

30.     Plaintiff requested that they disable her account and send Plaintiff a new card, but Chime refused the request.

31.     On October 4, Plaintiff submitted a dispute to Chime detailing her transactions and requesting Chime to investigate further into the alleged fraudulent transactions.

32.     On October 7, 2025, Plaintiff proceeded to file a police report regarding the fraudulent charges.

33.     On October 17, 2025, Plaintiff received the following email from Chime that stated in part as follows: "Based on our investigation, we have concluded no error occurred. Therefore, no funds will be credited to your account and this claim is considered closed."

34.     Plaintiff, upon receiving this denial, requested the documentation used by Chime to determine their outcome of the investigation.

35.     On November 13, 2025, Chime responded by email with only a cursory and generic list of categories of information it purportedly reviewed, including login and authentication

history, changes to personal account information, records of phone calls regarding the disputed

activity, fraud alert responses related to the transactions, and transaction processing details.

36.    Chime failed to explain how any of this information supported its conclusion that

the approximately $1,300 at issue was authorized by Plaintiff.

37.    Chime did not identify any specific facts, findings, or analysis demonstrating that

the funds were not withdrawn without Plaintiff's knowledge or consent, nor did it meaningfully

address Plaintiff's evidence or explanation. Instead, Chime merely relied on conclusory assertions

unsupported by any substantive investigation.

38.    In total, Plaintiff alerted Chime to $1,300.00 worth of unauthorized transactions.

39.    At this time, Chime has yet to refund the Plaintiff her missing funds or provide a

detailed explanation for the results of their investigation into the dispute.

40.    Upon information and belief, Chime has taken no action in response to Plaintiff's

disputes.

41.    As a preliminary matter, Defendant failed to meet the burden imposed on it by the

EFTA.

42.    Despite their obligation under the EFTA to promptly credit Plaintiff's account,

Defendant refused to refund the stolen funds back to Plaintiff's account.

43.    To date, Defendant has failed and refused to credit back to Plaintiff the funds

withdrawn through the unauthorized transactions, in violation of its statutory obligations under the

EFTA and Regulation E.

44.    To date, Defendant has not conducted a sufficient investigation of the unauthorized

electronic funds transfers complained of by Plaintiff.

45.    To date, Defendant has not conducted a lawful or adequate investigation into the Unauthorized Transactions, and has failed to perform the reasonable, good-faith inquiry required under the EFTA and Regulation E despite Plaintiff's timely and repeated disputes.

46.    Defendant failed to conduct a reasonable or good-faith investigation into the Unauthorized Transactions. Instead of undertaking the thorough, fact-driven inquiry required under the EFTA and Regulation E, Defendant performed an inadequate and superficial review that ignored key information provided by Plaintiff and improperly concluded that the fraudulent transfers were authorized.

47.    Defendant lacked any reasonable basis to conclude that the electronic fund transfers withdrawn from Plaintiff's Account were authorized. Nothing in Defendant's possession— whether transaction data, usage patterns, location information, or any materials provided by Plaintiff—supported a finding that Plaintiff initiated or approved the transfers. Defendant's determination was therefore arbitrary, unsupported, and in direct contravention of its obligations under the EFTA to resolve disputed transfers only upon a demonstrable factual basis.

48.    As such, Plaintiff has been harmed by not receiving her missing funds that were taken through unauthorized transactions when the EFTA obligates Chime to return the full amount from the unauthorized transactions.

## **COUNT I**

### **VIOLATIONS OF THE EFTA, 15 U.S.C. § 1693 *et seq.***

49.    Plaintiff incorporates herein by reference paragraphs numbered 1 through 48 of this Complaint as though fully set forth herein at length.

50.    The EFTA and Regulation E place sharp limitations on consumer liability for unauthorized transactions. *See* 15 U.S.C. § 1693g ("Consumer liability"); 12 C.F.R. § 1005.6 ("Liability of consumer for unauthorized transfers").

51.    The EFTA requires that financial institutions limit consumer liability for unauthorized electronic funds transfers to $50 if the consumer notifies the bank within two business days after learning of the loss or theft of an access device, such as a debit card. 12 C.F.R. § 205.6(b)(1).

52.    The EFTA places the burden of proof on the financial institution to demonstrate that the challenged transfers were authorized or, if they were unauthorized, that the consumer can be held liable for them. 15 U.S.C. § 1693g(b).

53.    Specifically, under Section 1693g(b), Defendant's must show that the disputed transfer was authorized:

> BURDEN OF PROOF.--In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized or, if the electronic fund transfer was unauthorized, then the burden of proof is upon the financial institution to establish that the conditions of liability set forth in subsection (a) have been met, and, if the transfer was initiated after the effective date of section 905, that the disclosures required to be made to the consumer under section 905(a)(1) and (2) were in fact made in accordance with such section.

54.    As a Federal Reserve Board Examiner has explained, "When the alleged error is an unauthorized EFT, the EFTA places the burden of proof on the financial institution to establish the transaction was authorized. Therefore, if the institution cannot establish the disputed EFT transaction was authorized, the institution must credit the consumer's account."[1]

---

[1] Scott Sonbuchner, *Error Resolution and Liability Limitations Under Regulations E and Z: Regulatory Requirements, Common Violations, and Sound Practices,* Consumer Compliance Outlook (2021), *available at* https://www.consumercomplianceoutlook.org/2021/second-issue/error-resolution-and-liability-limitations-under-

55.    Once Plaintiff notified Chime of the unauthorized transfers, Chime was required to conduct a bona fide reasonable investigation to determine if fraud occurred as required by the EFTA.

56.    However, Chime failed to conduct a reasonable investigation and failed to meet their burden by ignoring Plaintiff's disputes of the unauthorized transactions.

57.    A reasonable investigation would have included a review of one or more of the following items, which would have led Chime to conclude that fraud had occurred and would have revealed the following:

a.    Plaintiff did not authorize the disputed transactions;

b.    Plaintiff promptly reported the fraudulent transactions;

c.    Plaintiff has no history of making false or unverifiable fraud reports;

d.    Plaintiff has no history of irresponsible use of her account;

e.    Plaintiff has no history of frauds with Chime or any other financial institution;

f.    No other proof exists to refute Plaintiff's claim.

58.    Furthermore, the EFTA places the burden of proof on the financial institution to demonstrate the challenged transfers were authorized or, if they were authorized, that the consumer can be held liable for them. 15 U.S.C. § 1693g(b).

59.    This burden of proof cannot be and was not plausibly met with regard to the contested transactions.

60.    Defendant's acts and omissions set forth above violate the EFTA.

---

regulations-e-and-z/. *See also, Exarhos v. JPMorgan Chase Bank, N.A.*, 2021 U.S. Dist. LEXIS 135292, at *5-6 (N.D. Ill. July 20, 2021); *Acafrao v. United States Century Bank*, 2010 U.S. Dist. LEXIS 162849, at *22 (S.D. Fla. Aug. 9, 2010); *Brown v. Bank of Am., N.A.*, 2022 U.S. Dist. LEXIS 108749, at *4 (D. Md. June 17, 2022).

61.    As a direct and proximate result of Defendant's violations of the EFTA, Plaintiff is entitled to an award of statutory and actual damages as well as attorney's fees and costs.

62.    Defendant's inadequate investigations and imposition of the burden of proof on the consumer contrary to the statute is a violation of 15 U.S.C. § 1693f(e), entitle Plaintiff to treble damages.

## DEMAND FOR TRIAL BY JURY

63.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nancy Lee Williams respectfully requests that this Honorable Court enters judgment against Defendant Chime Bank for the following:

(a)    An award of all damages to which Plaintiff is entitled to including actual damages, treble damages, statutory damages, nominal damages;

(b)    Restitution;

(c)    Prejudgment interest; and

(d)    An award of attorneys' fees and costs.

Dated:  February 19, 2026                          Respectfully submitted,

**Stein Saks, PLLC**

*/s/*Joshua Cohen
Joshua Cohen, Esq.
Stein Saks, PLLC
One University Plaza, Ste. 620
Hackensack, NJ 07601
201-282-6500
jcohen@steinsakslegal.com